UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re PAUL AND MELODY DEN BESTE,<br><br>Debtors.<br><br>PAUL DEN BESTE,<br><br>Plaintiff/Appellant,<br><br>vs.<br><br>EDITH MAZZAFERRI,<br><br>Defendant/Appellee/Respondent. | Case No:  C 12-06189 SBA<br><br>**ORDER AFFIRMING BANKRUPTCY COURT ORDER AND DENYING MOTION FOR SANCTIONS** |

Pro se Appellant and debtor Paul Den Beste ("Den Beste") appeals the United States Bankruptcy Judge Alan Jaroslovsky's November 13, 2012 order denying his motion to vacate award of attorneys' fees.  Also before the Court is Den Beste's motion for sanctions. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby AFFIRMS the bankruptcy court's order, and DENIES Den Beste's motion for sanctions, for the reasons stated below.  The Court, in its discretion, finds these matters suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **BACKGROUND**

   A.     **Underlying State Court Action**

The facts in this section are taken from a complaint filed on June 3, 2010 in San Francisco Superior Court against, among others, Den Beste.  See Mazzaferri v. Mazzaferro, et al., Case No. CGC 10-500462.  In January 2000, Anna and Luciano Fiorani created the

Fiorani Living Trust to provide for their developmentally disabled daughter, Lucia Fiorani ("Lucia"). Anna and Luciano Fiorani were the sole trustors and grantors of the Fiorani Living Trust as well as the initial co-trustees. The Fiorani Living Trust named Lucia as the sole beneficiary of a special needs trust to care for Lucia for her lifetime. The Fiorani Living Trust named Ronald Mazzaferro ("Mazzaferro") as successor trustee and remainder beneficiary, and Mazzaferro's mother, Edith Mazzaferri ("Mazzaferri"), as second successor trustee.

In April 2000, Mazzaferro became the trustee of the Fiorani Living Trust after both Anna and Luciano died.[1] At that time, the Fiorani Living Trust's property consisted of significant cash accounts and real property located at 1072-1074 Filbert Street, San Francisco, California ("Filbert Street property"). Lucia was 53 years old and homeless in April 2000, suffering from emotional, psychiatric, and medical disorders.

After Mazzaferro became the trustee of the Fiorani Living Trust, he allegedly converted the trust's assets to his own benefit and did not provide care for Lucia. On June 23, 2004, an allegedly fraudulent deed of trust was executed which encumbered the Filbert Street property for the amount of $2,980,000. The deed of trust named Den Beste as the trustee, even though Den Beste has never been a trustee of the Fiorani Living Trust.

In June and July 2004, Lucia requested information from Mazzaferro about her parents' estate but received no response. In February 2005, Lucia petitioned the probate division of the San Francisco Superior Court for an order requiring Mazzaferro to provide an accounting of the Fiorani Living Trust and requiring him to petition the court for settlement of the account.

On March 15, 2005, Den Beste allegedly executed a fraudulent deed as trustee of the Fiorani Living Trust, granting the Filbert Street property to the Lotchk Corporation. This transfer was allegedly made for about $108,000, even though the property was allegedly valued at about $1,621,000.

---

[1] Anna Fiorani died in March 2000, and Luciano Fiorani died in April 2000.

- 2 -

In May 2005, the superior court ordered Mazzaferro to provide an accounting of his administration of the Fiorani Living Trust, which he failed to do. In January 2006, the superior court issued a warrant of attachment of the body of Mazzaferro for contempt, and issued a second such warrant in January 2007. In September 2009, Lucia petitioned the superior court to remove Mazzaferro as trustee, and to appoint Mazzaferri as successor trustee. In October 2009, the Lotchk Corporation allegedly executed a fraudulent deed, transferring title of the Filbert Street property to Great Sunset Ventures, Inc.

In December 2009, the superior court issued an order removing Mazzaferro as trustee and appointing Mazzaferri as trustee. The order required Mazzaferro to turn over all assets, books and records of the Fiorani Living Trust. Upon assuming the role of trustee, Mazzaferri discovered that the Fiorani Living Trust's assets had been depleted by Mazzeferro and others.

On June 3, 2010, Mazzaferri filed an action against Mazzaferro, Den Beste, and several others in San Francisco Superior Court, alleging claims for breach of trust, breach of contract, breach of fiduciary duty, intentional misrepresentation, negligent misrepresentation, conversion, conspiracy, negligence, unjust enrichment, and quiet title. See Mazzaferri v. Mazzaferro, et al., Case No. CGC 10-500462. The suit alleges that the defendants depleted the Fiorani Living Trust's cash assets and severely clouded the title of the Filbert Street property. Specifically, as to Den Beste, the suit alleges that on March 15, 2005, Den Beste fraudulently executed a deed as "Trustee" of the Fiorani Living Trust, transferring the Filbert Street property to the Lotchk Corporation for $108,000, far below the property's alleged value.

### B.   Bankruptcy Proceedings and State Court Proceedings

In September 2010, Den Beste filed a Chapter 13 petition for bankruptcy, which was converted to a Chapter 7 bankruptcy in October 2010. In or around this same time, Den Beste and several other defendants filed motions to strike the complaint in the San Francisco Superior Court action under the anti-SLAPP (strategic lawsuit against public participation) statute. On December 10, 2010, the superior court denied Den Beste's

- 3 -

motion to strike, finding that the motion was frivolous and solely intended to cause delay. As a consequence, the superior court ordered Den Beste and his co-defendants to pay Mazzaferri fees and costs in the amount of $11,150 as a sanction. On January 7, 2011, the superior court ordered Den Beste and his co-defendants to pay Mazzaferri an additional $4,150 in fees and costs incurred in enforcing the December 10, 2010 order as a sanction. Den Beste and his co-defendants appealed the orders awarding sanctions.

On November 9, 2011, the Court of Appeal reversed the orders awarding sanctions, finding that the superior court did not specify the reasons for the fees and costs it awarded as sanctions and erred in using a summary procedure to impose further sanctions. The Court of Appeal also issued an order declaring Den Beste and his co-defendants vexatious litigants, and prohibited them from filing any new litigation in the state courts appearing in propria persona without first obtaining leave of the presiding judge of the court where the litigation would be filed.

On February 11, 2011, Den Beste filed an adversary proceeding against Mazzaferri alleging that she violated the automatic bankruptcy stay. This action was dismissed by the bankruptcy court for lack of prosecution. On December 1, 2011, the bankruptcy court denied Den Beste's motion for relief from the order dismissing the action.

On November 30, 2011, Den Beste commenced the underlying adversary proceeding against Mazzaferri and others. In this proceeding, Den Beste alleges that defendants knowingly violated the bankruptcy court's automatic stay by seeking to collect the award of sanctions imposed against him in the San Francisco Superior Court action. On April 24, 2012, Mazzaferri filed a motion for summary judgment. On June 18, 2012, the bankruptcy court granted Mazzaferri's motion for summary judgment and denied Den Beste's countermotion for summary judgment. On that same day, judgment was entered in favor of Mazzaferri and the other defendants in the adversary proceeding.

On July 2, 2012, Mazzaferri filed a motion under 11 U.S.C. § 105 and Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (i.e., the court's inherent authority) seeking attorneys' fees in the amount of $21,274 as a sanction for Den Beste's bad faith and harassing conduct

in filing meritless adversary proceedings for alleged violations of the automatic stay. On August 27, 2012, the bankruptcy court issued a "Memorandum on Motion for Attorneys' Fees," finding that Den Beste's adversary proceeding, like his other adversary proceedings, was filed in bad faith for the "sole purpose of harassing his enemies and was based on improper action Den Beste himself took in state court." In so finding, the bankruptcy court noted that Den Beste has used the automatic stay as "a club," filing five meritless adversary proceedings for alleged violations of the stay.[2] The bankruptcy court noted that had the motion for attorneys' fees been brought under Rule 9011 of the Federal Rules of Bankruptcy Procedure, which would have provided Den Beste an opportunity to "exercise some wisdom and drop [the adversary proceeding]," the court would have awarded the full amount of the fees sought. However, because the motion for attorneys' fees was brought under the court's inherent power to sanction, the court concluded that Den Beste "should compensate [Mazzaferri] for most of [her] attorneys' fees because of his bad faith conduct, but that the amount of compensation should be less than the full amount the court would have awarded if defendants had made their motion under Rule 9011 after giving Den Beste the benefit of its safe harbor provisions."

On September 5, 2012, the bankruptcy court issued an order awarding Mazzaferri attorneys' fees in the amount of $15,000. On November 13, 2012, the bankruptcy court denied Den Beste's motion to vacate the award of attorneys' fees. On November 26, 2012, Den Beste filed a notice of appeal of the order denying his motion to vacate the award of attorneys' fees. On March 5, 2013, Den Beste filed his opening brief. On March 26, 2013, Mazzaferri filed a responsive brief.

On April 8, 2013, Den Beste filed a motion for sanctions against Mazzaferri and her attorney, Russell Stanaland ("Stanaland"), based on their "premeditated, knowing, willful, deliberate violation of 11 U.S.C. § 362." Mazzaferri filed an opposition on April 22, 2013.

///

---

[2] In its memorandum, the bankruptcy court noted that it has previously found Den Beste to be a vexatious litigant and has assessed sanctions against him.

## II. LEGAL STANDARD

A district court has jurisdiction over appeals from bankruptcy courts in its district. 28 U.S.C.A. § 158(a). An award of sanctions entered by a bankruptcy court is reviewed for abuse of discretion. In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009). A court abuses its discretion if its decision is based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." Holgate v. Baldwin, 425 F.3d 671, 675 (9th Cir. 2005).

## III. DISCUSSION

### A. Bankruptcy Court's Award of Attorneys' Fees as a Sanction

Pursuant to its inherent authority, the bankruptcy court imposed sanctions against Den Beste in the form of attorneys' fees based on Den Beste's bad faith conduct in filing the underlying adversary proceeding. On appeal, Den Beste argues that the bankruptcy court lacked jurisdiction to do so because bankruptcy courts do not have the inherent power to sanction parties for bad faith conduct. Den Beste's argument is meritless. Bankruptcy courts, like district courts, have the inherent power to impose sanctions on a party for improper litigation tactics, including bad faith or willful misconduct. See In re Rainbow Magazine, Inc., 77 F.3d 278, 284 (9th Cir. 1996) (By granting bankruptcy courts authority to "issue orders necessary 'to prevent an abuse of process,' Congress impliedly recognized that bankruptcy courts have the inherent power to sanction that . . . exists within Article III courts."); see also In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003). This power "allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics." In re Lehtinen, 564 F.3d at 1058.

Den Beste also argues, without elaboration or analysis, that the bankruptcy court should have denied Mazzaferri's motion for attorneys' fees because it did not comply with Rule 7(b)(1) of the Federal Rules of Civil Procedure. Rule 7(b)(1) provides that a request for a court order must be made by motion, and that motion must: (1) be in writing unless made during a hearing or trial; (2) state with particularity the grounds for seeking the order; and (3) state the relief sought. Fed.R.Civ.P. 7(b)(1). The Court rejects Den Beste's

1  undeveloped, conclusory argument. It is not the role of the Court to make the parties'
2  arguments for them. See In re Morrissey, 349 F.3d 1187, 1189 (9th Cir. 2003); see also
3  Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003). Moreover, a review
4  of the record reveals that Mazzaferri's motion clearly complied with the requirements of
5  Rule 7(b)(1). The motion was in writing, stated with particularity the grounds for seeking
6  attorneys' fees (i.e., Den Beste acted in bad faith and abused his status as a debtor to harass
7  Mazzaferri by filing meritless adversary proceedings), and requested attorneys' fees in the
8  amount of $21,274 as reimbursement for the fees she incurred in litigating the underlying
9  adversary proceeding under 11 U.S.C. § 105 or the court's inherent authority.

10 　　　　Finally, Den Beste argues that the bankruptcy court erred by granting Mazzaferri's
11 motion for attorneys' fees because a party may only recover fees under California law as
12 provided by statute or agreement of the parties. This argument lacks merit. When a party
13 has acted in bad faith, sanctions under the court's inherent authority may take the form of
14 attorneys' fees. See Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 646, 648 (9th
15 Cir. 1997). However, "[b]efore imposing sanctions under its inherent sanctioning authority,
16 a court must make an explicit finding of bad faith or willful misconduct . . . [and]
17 something more than mere negligence or recklessness." In re Dyer, 322 F.3d at 1196.

18 　　　　In this case, the bankruptcy court made an explicit finding that Den Beste acted in
19 bad faith by filing a meritless adversary proceeding for the purpose of harassing Mazzaferri
20 and the other defendants. In so finding, the bankruptcy court noted that Den Beste had used
21 the automatic stay as "a club," filing five meritless adversary proceedings for alleged
22 violations of the stay. While Den Beste does not specifically argue that his conduct did not
23 rise to the level of bad faith sufficient to warrant the invocation of the bankruptcy court's
24 inherent authority to sanction him, the Court finds that the record supports the bankruptcy
25 court's conclusion that Den Beste commenced the underlying adversary proceedings in bad
26 faith. Accordingly, because the Court finds that the bankruptcy court did not abuse its
27 discretion in awarding Mazzaferri attorneys' fees in the amount of $15,000 as a sanction for
28

Den Beste's bad faith conduct,[3] the bankruptcy court's order denying Den Beste's motion to vacate award of attorneys' fees is AFFIRMED.

### B. Bankruptcy Court's Summary Judgment Order

Den Beste devotes a significant portion of his appellate brief to arguing that the bankruptcy court erred in granting Mazzaferri's motion for summary judgment and denying his countermotion for summary judgment. However, the Court lacks jurisdiction to review the propriety of the bankruptcy court's summary judgment order.

Rule 8002 of the Federal Rules of Bankruptcy Procedure provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a). The statute further provides that "the time for appeal for all parties runs from the entry of the order disposing of the last . . . timely motion . . . to alter or amend the judgment under Rule 9023 . . . or . . . for relief under Rule 9024. . . ." Fed.R.Bankr.P. 8002(b). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994). The time limits provided in Rule 8002 are strictly construed "[b]ecause of the jurisdictional implications." See In re Souza, 795 F.2d 855, 857 (9th Cir. 1986).

On June 18, 2012, the bankruptcy court issued an order granting Mazzaferri's motion for summary judgment and denying Den Beste's countermotion for summary judgment. On that same date, the bankruptcy court entered judgment in favor of Mazzaferri and the other defendants. On July 27, 2012, the bankruptcy court issued an order denying Den Beste's motion to vacate the summary judgment order. As such, Den Beste had until August 10, 2012 to file an appeal of the bankruptcy court's summary judgment order. Den Beste failed to do so. Instead, on November 26, 2012, Den Beste filed the instant appeal, which states

---

[3] Den Beste does not challenge the reasonableness of the amount of attorneys' fees awarded to Mazzaferri. Instead, Den Beste argues that the bankruptcy court erred by failing to deny Mazzaferri's motion for attorneys' fees.

1  that Den Beste appeals the bankruptcy court's November 13, 2012 order denying his motion
2  to vacate award of attorneys' fees.  Den Beste's notice of appeal does not include an appeal
3  of the bankruptcy court's summary judgment order or the bankruptcy court's order denying
4  his motion to vacate the summary judgment order.  But even if it did, the time for Den
5  Beste to appeal the bankruptcy court's summary judgment order expired long before
6  November 26, 2012.  Accordingly, the Court lacks jurisdiction to review the bankruptcy
7  court's decision to grant Mazzaferri's motion for summary judgment and deny Den Beste's
8  countermotion for summary judgment.

### C.  Motion for Sanctions

Following the completion of briefing on the instant appeal, Den Beste filed a motion for sanctions, arguing that sanctions are warranted against Mazzaferri and Stanaland because they knowingly, willfully, and deliberately violated the automatic stay in another bankruptcy case involving Robert Van Zandt ("Van Zandt").  However, Den Beste has not provided any authority or legal analysis demonstrating that this Court has jurisdiction to consider his motion for sanctions.

Den Beste's motion is not a timely appeal of an order issued by the bankruptcy court.  Further, Den Beste has not shown that he raised the issue of sanctions below or articulated any exceptional circumstances justifying the consideration of arguments raised for the first time on appeal.  See In re Jan Weilert RV, Inc., 315 F.3d 1192, 1199 (9th Cir. 2003) (absent exceptional circumstances, arguments will not be considered for the first time on appeal).  Moreover, even assuming arguendo that Den Beste raised the issue of sanctions below, he would lack standing to appeal a bankruptcy court order addressing this issue because he does not qualify as a "person aggrieved" by the decision.  See In re P.R.T.C., Inc., 177 F.3d 774, 777 (9th Cir. 1999) (to have standing to appeal a bankruptcy court order, a party must be a "person aggrieved," which means the party must be "directly and adversely affected pecuniarily" by the order).  It is undisputed that Den Beste is not a party to the bankruptcy case involving Van Zandt.  As such, it is clear that he would not be "directly and adversely affected pecuniarily" by a bankruptcy court order failing to sanction

Mazzaferri and Stanaland for violating the automatic stay in that case. Accordingly, Den Beste's motion for sanctions is DENIED.

IV. **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The bankruptcy court's order denying Den Beste's motion to vacate award of attorneys' fees is AFFIRMED.

2. Den Beste's motion for sanctions is DENIED.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 11/5/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge